**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL BRAZELL, JR.,                                                                    PLAINTIFF
ADC #500711

v.                                    2:17CV00090-BSM-JTK

JEREMY ANDREWS, et al.                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

1

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**I.     Introduction**

Plaintiff Michael Brazell is a state inmate incarcerated at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, seeking monetary relief for violations of his First, Eighth and Fourteenth Amendment rights during his four-month stay in punitive isolation (Doc. No. 2).

Pending before the Court are Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 20-22). By Order dated February 26, 2018,

this Court directed Plaintiff to respond within fifteen days, and cautioned him that failure to respond would result in all of the facts in Defendants' summary judgment papers being deemed admitted by him, or the dismissal of the action, without prejudice, for failure to prosecute. (Doc. No. 23)   As of this date, Plaintiff has not responded to the Motion.

## II.     Complaint

Plaintiff claimed he was denied a 48-hour relief period during his stay in punitive isolation from February 2017-May 2017, and that he was denied access to the news, media, radio, and all his privileges during the times he was supposed to be on relief. (Doc. No. 2, p. 5) He also claimed Defendants Andrews and Dycus discriminated against him based on his race, because on April 12, 2017, they allowed white inmates to leave punitive isolation on their 48-hour relief, but denied him and other black inmates a similar relief period. (Id., p. 7) He claimed Defendants acted with deliberate indifference to his rights, causing him physical and mental injury, and violated his First, Eighth, and Fourteenth Amendment rights. (Id., p. 8)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"

Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A. Official Capacity

The Court initially agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, pursuant to sovereign immunity.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

### B. Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an

4

objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the Affidavit of Defendant Warden Jeremy Andrews, between April

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

2016 and May 2017, Plaintiff Brazell received twenty-three major disciplinary charges, and was sentenced in sixteen of those to thirty days in punitive isolation. (Doc. No. 20-1, p. 2)   According to the ADC Punitive Segregation Policy, Administrative Directive 16-20 (Doc. No. 20-4), and the EARU Punitive Segregation Policy 10.02.0 (Doc. No. 20-5), inmates convicted of discplinary violations may be confined to punitive segregation for a period of up to thirty days, and inmates receiving consecutive punitive sentences are allowed a 48-hour relief period at the end of each thirty-day sentence. (Id., p. 3) However, the ADC policy does not require the movement of inmates during the relief period, and EARU inmates are housed in isolation during the relief period. (Id.) During the relief period, the mailroom is notified so that the two most current newspapers and magazines can be provided to those inmates with subscriptions, and inmates without subscriptions may request newspapers and magazines from the prison library. (Id., pp. 3-4) Inmates in isolation, however, are not permitted radios during the relief period, and can make commissary purchases only if the relief period coincides with their regularly-scheduled commissary day. (Id., p. 4)

     Andrews further stated that during the time at issue (February 2017-May 2017), Plaintiff received a 48-hour relief period on February 22, 2017, March 29, 2017, April 14, 2017, and May 16, 2017, and spent those relief periods in isolation. (Id., p. 5) He also acknowledged that the relief period Plaintiff was supposed to receive on February 10, 2017, did not occur until February 22, 2017, and the period which should have occurred on March 14, 2017, did not occur until March 29, 2017, due to a problem with the prison computer

system. (Id., pp. 4-5) He added that Plaintiff's privileges were reinstated during all those relief periods, and he denied discriminating against Plaintiff and other non-white inmates. (Id., p. 5)

Defendants also present excerpts from Plaintiff's deposition testimony, in which he admitted that he did not subscribe to any newspapers or magazines, and did not request copies of either from the law library during his relief periods. (Doc. No. 20-7, pp. 12-13) He also admitted that he did not know the names of any of the white inmates who allegedly were permitted to leave isolation during the 48-hour relief period in April 2017. (Id., p. 19)

Plaintiff alleges violations of his First, Eighth and Fourteen Amendment rights during his time in punitive isolation.  His First Amendment claim is based on the denial of his personal property (radio), newspapers and magazines, and commissary, during his 48-hour relief periods. However, the United States Court of Appeals, Eighth Circuit, has held that the denial of access to property to an inmate during his 48-hour relief period does not rise to the level of a constitutional violation. Franklin v. Lockhart, 769 F.2d 509 (8th Cir. 1985) (per curiam).  In addition, he admitted that he did not subscribe to any newspapers or magazines, and that he did not request either of those from the law library during the 48-hour relief periods. (Doc. No. 20-7, pp. 12-13) The First Amendment right to receive publications does not "create an affirmative duty on prisons to provide news publications to inmates." Collins v. Burl, No. 2:11-cv-40-DPM-BD, 2011 WL 2457532 (E.D.Ark. 2011).

Plaintiff's Eighth and Fourteenth Amendment claims are based on his alleged four-

month stay in punitive without relief periods. However, Defendants provided uncontroverted evidence that Plaintiff did in fact receive four 48-hour relief periods during his four-month stay in punitive isolation. In order to support a due process claim based on his confinement, Plaintiff must show that the conditions to which he was subjected constituted atypical and significant hardship in relation to ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 483-484 (1995). However, courts in this Circuit have held that short stays in administrative confinement are not considered atypical or significant departures. See Rahman X. v. Morgan, 300 F.3d 970, 972-3 (8th Cir. 2002), where 26 months in a segregated cell was not an atypical and significant hardship; Wycoff v. Nichols, 94 F.3d 1187, 1189-90 (8th Cir. 1996), where 45 days in administrative segregation was not a hardship; and King v. Dingle, 702 F.Supp.2d 1049, 1076 (D. Minn. 2010), where six months in segregation was not a hardship. In addition, Plaintiff does not allege any specific conditions of his confinement, other than his denial of certain privileges, as noted above, which would support a finding of an atypical hardship. See Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996), where the court stated, "we know of no constitutional right of access to a prison gift or snack shop."

With respect to Plaintiff's Eighth Amendment claim, the Court finds that he does not allege the deprivation of a single human need to support a finding that his confinement constituted a serious or substantial risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994), and Wilson v. Seiter, 501 U.S. 294, 305 (1991). Therefore, the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light

most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

Finally, Plaintiff provides absolutely no evidence that Defendants treated similarly-situated inmates differently based on their race, to support a Fourteenth Amendment Equal Protection claim. Klinger v. Dep't of Corrections, 31 F.3d 727, 731 (8th Cir. 1994). In fact, in his deposition testimony, Plaintiff stated he could not identify any of the white inmates who allegedly were given different treatment. (Doc. No. 20-7, p. 19).

To the extent that Plaintiff alleges that Defendants violated their own policies by failing to provide him with timely 48-hour relief periods, his allegation does not support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). And, he does not support an allegation of retaliation, because he provides no evidence to show that Defendants acted adversely against him in response to his grievances. Spencer v. Jackson County, Missouri, 738 F.3d 907, 911 (8th Cir. 2013). Rather, the evidence supports a finding that Defendants provided Plaintiff four 48-hour relief periods within the four-month period.

In conclusion, absent a response from Plaintiff to dispute the facts set forth by Defendants, the Court finds as a matter of law that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. See FED.R.CIV.P. 56(e)(2), (3).

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 20) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 22nd day of March, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE